Jay Calhoun (Bar No. 022836)
firm@law4sb.com
**THE CALHOUN LAW FIRM, PLC.**
P.O. Box 2995
Tempe, Arizona 85280
Tel: (480) 967-1800
Fax: (480) 967-1810

Attorneys for Plaintiff Pigeon Cry Productions, Inc.

## IN THE UNITED STATES DISTRICT COURT

## IN AND FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Pigeon Cry Productions, a Massachusetts corporation, | No. _____ |
| Plaintiff, | **COMPLAINT FOR:** |
| v. | **I. INJUNCTIVE RELIEF** |
| BLK BOX PHX, an Arizona corporation; Davisson Entertainment, an Arizona limited liability company, | **II. FEDERAL UNFAIR COMPETITION (TRADEMARK) (15 U.S.C. § 1125(a))** |
| Defendants. | **III. COMMON LAW UNFAIR COMPETITION** |
| | **IV. COMMON LAW/TRADEMARK INFRINGEMENT** |
| | **V. STATE TRADEMARK INFRINGEMENT AND UNFAIR COMPETITION [A.R.S §§ 44-1441 -1452** |

Plaintiff Pigeon Cry Productions, Inc., a Massachusetts' corporation ("Pigeon Cry" or "Plaintiff"), by and through undersigned counsel, files this Complaint against Defendants

1

Blk Box Phx, Inc., an Arizona non-profit corporation ("BBP") and Davisson Entertainment, LLC an Arizona limited liability company ("Davisson," collectively, "the Defendants") seeking an injunction and damages on the grounds of trademark infringement and unfair competition under federal and state laws.

## NATURE OF ACTION

1.      This lawsuit seeks damages and injunctive relief against Defendants for trademark infringement and unfair competition arising out of federal and state law.

## THE PARTIES

2.      Plaintiff Pigeon Cry is a corporation organized under the laws of Massachusetts with a principal place of business in Somerville, Massachusetts.

3.      Defendant Blk Box Phx is a non-profit corporation organized under the laws of Arizona with a principal place of business in Phoenix, Arizona.

4.      Defendant Davisson Entertainment is a limited liability company organized under the laws of Arizona with its principle place of business in Phoenix, Arizona.

## JURISDICTION AND VENUE

5.      This Court has personal jurisdiction over Defendants because Defendants reside in this district and engage in continuous and systematic general business contacts within the state of Arizona. Defendants have purposefully directed their conduct towards this judicial district and purposefully availed themselves of the benefits and protections of Arizona law by doing business in this state, including, but not limited to, actively marketing and promoting their theatre productions that bear the infringing trademark at issue in this case. Specifically, on information and belief, Defendants also actively advertise and promote their theatre productions to consumers through the Internet, including, but not limited to, on

Facebook® and Instagram®.[1]

6.    Venue is proper in this District pursuant to 28 U.S.C. §1391(b) and (c) because all Defendants reside in, conduct their business in, and are subject to the court's personal jurisdiction in this judicial district, and a substantial part of the events giving rise to the claims occurred in this judicial district.

## FACTUAL ALLEGATIONS

### Pigeon Cry's Creation and Use of "Shit-faced Shakespeare" Mark

7.    Plaintiff is the owner and producer of a popular theatre production named "Shit-faced Shakespeare" that was initially produced in the U.K with Plaintiff's U.K. affiliate, Magnificent Bastard Productions, Ltd ("Magnificent") and in the U.S.A. with Plaintiff. Further information regarding Plaintiff's theatre productions can be found on its website www.shit-facedshakespeare.com and www.shitfacedshakespeare.com.

8.    Plaintiff's U.K. affiliate, Magnificent created the original idea of "Shit-faced Shakespeare" in 2005. The first U.K production was in 2010.

9.    The first full commercial U.K. based "Shit-faced Shakespeare" production was in 2012.

10.    Plaintiff's U.K. affiliate, Magnificent, filed and was awarded a U.K. registration, for "Shit-faced Shakespeare®, Reg. No. 3,037,537. A true and correct copy of a printout from the U.K. Patent and Trademark Office is attached as **Exhibit A**.

11.    Plaintiff, including Magnificent has expended over $250,000.00 worldwide from 2012 through 2018 (non-inflation adjusted) advertising, promoting and marketing its original comedic theatrical production of Shakespeare's play featuring an inebriated actor using the marks "Shit-faced Shakespeare" or "Sh!t-faced Shakespeare." **See attached**

---

[1] *Brookfield Commc'ns, Inc. v. W. Coast Entm't Corp.*, 174 F.3d 1036, 1046 n.8 (9th Cir. 1999). Likewise, the state law claims under A.R.S. §§ 44-1451 and 14-1522 are essentially the same as the federal Lanham Act claims. *See BMW of N. Am., LLC v. Mini Works, LLC*, No. CV-07-1936-PHX-SMM, 2010 WL 11484171, at 9 (D. Ariz. Sept. 27, 2010) (citations omitted).

**Exhibit B**.

12.    In 2015, a full U.K. calendar that consisted of nearly weekly performances with year-round productions in Edinburgh, Brighton and London's West End.

13.    In April 2015, under a licensing agreement between Plaintiff and Magnificent, a Boston, Massachusetts USA market was established.

14.    In January 2016, an Austin, Texas a "Shit-faced Shakespeare" market was established.

15.    In September 2016, an Atlanta, Georgia "Shit-faced Shakespeare" market was established.

16.    In February 2017, the Minneapolis, Minnesota "Shit-faced Shakespeare" market was established.

17.    In March 2017, the Pittsburgh, Pennsylvania "Shit-faced Shakespeare" market was established.

18.    In December 2017, Plaintiff incorporated in Massachusetts and the U.K. trademark and other intellectual property for "Shit-faced Shakespeare" was transferred to Plaintiff.

19.    In February 2018, the nationwide touring of "Shit-Faced Shakespeare" began in Australia.

20.    Since its production development in 2009, "Shit-faced Shakespeare" has had over three hundred and fifty-thousand (350,000) theater goers pay to see it worldwide:

| Year | Location |
|------|----------|
| 2010 | U.K |
| 2012 | U.K |
| 2015 | Edinburgh, Brighton and London's West End |
| 2015 | Boston, MA |
| 2016 | Austin, TX |

| 2016 | Atlanta, GA |
| 2017 | Minneapolis, MN |
| 2017 | Pittsburgh, PA |
| 2018 | Australia |

21.    Plaintiff has been substantially, exclusively and continuously using the "Shit-faced Shakespeare" mark in connection with its comedic theatrical production of Shakespeare's plays featuring an inebriated actor since at least as early as 2010.

22.    Plaintiff's "Shit-faced Shakespeare" has generated a significant amount of attention on social media and the Internet. As a result of Plaintiff's promotion of "Shit-faced Shakespeare" worldwide interest in the term "Shit-faced Shakespeare" has steadily increased. Before Plaintiff's and its U.K. affiliate, Magnificent's promotion of "Shit-faced Shakespeare" interest and searches in the term was non-existent. **See attached Exhibit C**.

23.    The first twelve pages of an Internet search of "Shit-faced Shakespeare" return results for Plaintiff's production.

24.    On October 16, 2018, Plaintiff filed a U.S. trademark application for "Sh!t-faced Shakespeare" with the USPTO:

| Mark | Reg. No | Class/Goods | App. Date |
|------|---------|-------------|-----------|
| SHI!T-FACED SHAKESPEARE | Serial No. 88,157,104 | 41 | Oct. 16, 2018 |

Attached as **Exhibit D** is a true and correct copy of a printout from Trademark Status and Document Retrieval (TSDR) showing current trademark application. Plaintiff also claims common law rights associated with the "Shit-faced Shakespeare" Marks.

**Defendants' Infringement of Plaintiff's Common Law Trademarks**

25.    On or about August 12, 2018, Plaintiff became aware of Defendants' identical name and identical production through the following link:

https://www.instagram.com/p/BmZddhRhds2/?utm_source=ig_share_sheet&igshid=pnjsqj7hig86

26.    The dates of Defendants' performances for its "S#!tfaced Shakespeare" productions are November 30-December 31, 2018. Attached as **Exhibit E** is a true and correct copy of a printout from the Defendants' website located at https://www.blkboxphx.com/.

27.    Years after Plaintiff began using its "Shit-faced Shakespeare" mark, Defendants, individually or acting in concert with one another, formed an Arizona corporation, Blk Box Phx and began operating at 205 W Portland St, Studio 341C, Phoenix, AZ 85003 and Davisson Entertainment, LLC and began operating at 205 W Portland St, Studio 341C, Phoenix, AZ 85003 producing "S#!tfaced Shakespeare" production. The Defendants' production has the same or confusingly similar name to Plaintiff's trademarked name.

28.    Like Plaintiff's "Shit-faced Shakespeare" and "Sh!t-faced Shakespeare" marks, Defendants use of "S#!t-Faced Shakespeare" incorporate the identical elements of Plaintiff's mark.

29.    Attached as **Exhibit E** to this Complaint are true and correct copies of photos of Defendants' production.

30.    There have been several instances of actual confusion between Plaintiff's production and Defendants' production. Theatre goers post images of themselves at Defendants' production and incorrectly tag (associate) those images with the Plaintiff's production, which suggest, consumers believe or may believe Defendants' production is associated with Plaintiffs' production. Copies of the Instagram postings are attached hereto as **Exhibit F**. Theatre goers have also called Plaintiff seeking tickets for Defendants' performances. **See attached Exhibit G.**

31.    Upon information and belief, the Defendants also posted images of their

production of "S#!tfaced Shakespeare" using the tag #shitfacedshakespeare with knowledge the posts on that tag relate to Plaintiff's production. See **attached Exhibit F.**

32.    Defendants name "S#!tfaced Shakespeare" is virtually identical to Plaintiff's "Shit-faced Shakespeare" and "Sh!t-faced Shakespeare" and even includes the "!" in place of the "i."

33.    Defendants' services are identical to Plaintiff's services. Like Plaintiff, defendants offer comedic theatrical productions of Shakespeare's plays featuring an inebriated actor.

34.    Defendants have also copied verbatim, Plaintiff's marketing of its event as demonstrated by attached **Exhibit H.**

35.    In a letter dated October 16, 2018, Pigeon notified Blk Box Phx and Davisson and its attorney of Blk Box Phx and Davisson's infringement of its intellectual property rights and trademarks, but Blk Box Phx and Davisson, despite notice of Pigeon's demands, ignored such notification and performed its production of "S#!tfaced Shakespeare" beginning on December 1, 2018 as "S#!tfaced Shakespeare. **Exhibit 1.**

## FIRST CLAIM FOR RELIEF

### COMMON LAW TRADEMARK INFRINGEMENT

36.    Plaintiff realleges and incorporates each and every allegation contained in the paragraphs above 1-34 with the same force and effect as if said allegations were fully set forth herein.

37.    Defendants' unauthorized use of "S#!tfaced Shakespeare" or a mark or marks confusingly similar thereto, in connection with its theatre production constitutes trademark infringement and misappropriation and is likely to cause confusion, deception, and mistake among the consuming public and trade as to the source and authorization of the goods and services provided by Defendants in violation of the common law of the State of Arizona.

38.    By virtue of their conduct as alleged herein, Defendants have engaged and are

Shakespeare" Marks. Plaintiff is informed and believes, and on that basis alleges, that Defendants selected their Mark with the express intent to cause confusion and to deceive consumers into believing that Defendants' goods and services emanate from Plaintiff.

40.     As well as harming the public, Defendants' conduct as alleged herein has caused and will continue to cause Plaintiff irreparable harm for which there is no adequate remedy at law, and Defendants' conduct is also causing damage to Plaintiff in an amount which cannot be accurately computed at this time but will be proven at trial.

41.     Plaintiff is informed and believes and thereon alleges that Defendants committed the above-alleged acts willfully and maliciously, and with full knowledge and in conscious disregard of Plaintiff's rights, and Plaintiff is therefore entitled to exemplary and punitive damages.

## SECOND CLAIM FOR RELIEF

## COMMON LAW UNFAIR COMPETITION

42.     Plaintiff repeats, re-alleges, and incorporates Paragraphs 1-40 as though fully set forth in this cause of action in their entirety.

43.     Defendants' aforementioned use of "S#!tfaced Shakespeare" mark is confusingly similar to Plaintiff's trademarks "Shit-faced Shakespeare" and "Sh!t-faced Shakespeare" is likely to cause confusion and/or mistake and/or to deceive as to the origin or affiliation of Defendants' production.

44.     As a direct and proximate cause of Defendants' conduct described herein, Plaintiff has suffered irreparable harm. Unless Defendants are restrained from further infringement of the "Shit-faced Shakespeare" Marks, Plaintiff will continue to be irreparably harmed.

45.     Plaintiff has no remedy at law to compensate it for the continued and irreparable harm it will suffer if Defendants' acts are allowed to continue.

## THIRD CLAIM FOR RELIEF

8

**STATE TRADEMARK INFRINGEMENT AND UNFAIR COMPETITION**
**[A.R.S. § § 44-1441 *et seq.*, 44-1522 *et seq.*]**

46.     Plaintiff repeats, re-alleges, and incorporates Paragraphs 1-44 as though fully set forth in this cause of action.

47.     The acts of Defendants, as described in the preceding paragraphs of this Complaint, constitute trademark infringement under Section 32 of the Lanham Act, 15 U.S.C. § 1114(a), unfair competition under Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a) and are therefore unlawful and/or unfair business practices as defined by section 44-1441 *et seq.* of the Arizona Revised Statutes.

48.     Defendants' conduct as alleged herein violates, and threatens to violate, consumer protection laws, including, but not limited to, trademark laws, and the policies and spirits of such laws, and otherwise threatens and harms competition.

49.     Defendants' conduct as alleged herein is likely to mislead the general public as to the affiliation, connection, or association of Defendants to Plaintiff, or as to the origin, sponsorship, or approval of the Defendants' goods, services, or commercial activities by Plaintiff and, consequently, constitutes a fraudulent business act or practice within the meaning of section 44-1522 *et seq.* of the Arizona Revised Statutes.

50.     Plaintiff and its U.K. affiliate has invested over $250,000.00 worldwide from 2012 through 2018 to market and advertise its "Shit-faced Shakespeare" marks in connection with their theatre production. The "Shit-faced Shakespeare" marks represents a significant source of value, including goodwill, to Plaintiff. **See attached Exhibits B & C.**

51.     Plaintiff is informed and believes, and thereon alleges, that Defendants have acquired excess earnings, profits, and/or benefits from the unlawful, unfair, and/or fraudulent business acts and practices set forth in the preceding paragraphs of this Complaint. This unjust enrichment continues to occur as Defendants continue to engage in said unlawful, unfair, and/or fraudulent business acts and practices.

52.     Defendants have been trading off and continue to trade off the substantial goodwill of Plaintiff by Defendants' unauthorized use of the "Shit-faced Shakespeare"

Marks in connection with their production, without providing Plaintiff any compensation related thereto.

53.     Defendants have knowingly and willfully infringed Plaintiff's trademark rights by deliberately exploiting the substantial goodwill associated with Plaintiff's "Shit-faced Shakespeare" Marks. Plaintiff is informed and believes, and on that basis alleges, that Defendants selected the "Shit-faced Shakespeare" Marks, or marks confusingly similar thereto, with the express intent to cause confusion and to deceive consumers into believing that Defendants' products and services emanate from Plaintiff.

54.     As a direct result of Defendants' unfair competition with regard to the "Shit-faced Shakespeare" Marks, Defendants have unlawfully acquired, and continue to acquire on an ongoing basis, an unfair competitive advantage and have engaged in, and continue to engage in, wrongful business conduct to Defendants' monetary advantage and to the detriment of Plaintiff.

55.     Plaintiff has no adequate remedy at law. Defendants' conduct has caused, and if not enjoined, will continue to cause, irreparable harm to Plaintiff's rights in its "Shit-faced Shakespeare" mark and to its business reputation and goodwill, as well as damages in an amount that cannot be accurately computed at this time, but that will be proven at trial.

56.     Plaintiff is informed and believes and thereon alleges that Defendants committed the above-alleged acts willfully and maliciously, and with full knowledge and in conscious disregard of Plaintiff's rights, and Plaintiff is therefore entitled to exemplary and punitive damages.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff hereby respectfully prays for the following relief as against Defendants, and each of them, as follows:

A. That the Court immediately and permanently enjoin Defendants, their officers, directors, agents, servants, employees, representatives, attorneys, related companies, successors, assigns, and all others in active concert or participation with it, from:

10

a. Using the "Shit-faced Shakespeare" marks, or confusingly similar derivations thereof, in connection with their theatre productions in Arizona and throughout the United States;

b. Engaging in any conduct that tends falsely to represent that, or is likely to confuse, mislead, or deceive members of the public to believe that the actions of Defendants or any of its officers, directors, predecessors, successors, agents, employees, representatives and all persons, corporations, or other entities acting in concert or participation with Defendants are sponsored, approved, or licensed by Plaintiff, or are in any way connected or affiliated with Plaintiff;

c. Otherwise competing unfairly with Plaintiff in any manner; and

d. Effecting assignments or transfers, forming new entities or associations, or utilizing any other device for the purpose of circumventing or otherwise avoiding the prohibitions set forth in subparagraphs (a)-(d) above.

B. That the Court award Plaintiff general, actual, and statutory damages in accordance with proof at trial;

C. For an accounting and restitution and/or disgorgement of any and all unlawful profits, payments, revenues, monies, and/or royalties derived and/or obtained by Defendants;

D. For accounting and restitution and/or disgorgement of any and all benefits not encompassed in the preceding paragraph which have or will be derived or obtained by Defendants pertaining to the conduct complained of herein;

E. That the Court award Plaintiff exemplary and/or punitive damages;

F. That the Court award Plaintiff its costs of suit and reasonable attorney's fees;

G. That the Court retain jurisdiction of this action for the purpose of enabling Plaintiff to apply to the Court at any time for such further orders and interpretation or execution of any order entered in this action, for the modification of any such order, for the enforcement or compliance therewith and for the punishment of any violations thereof; and

H. For such other and further relief as the Court may deem just and equitable.

11

## JURY TRIAL DEMAND

Plaintiff hereby demands a trial by jury on all triable issues.

Dated: December 20, 2018

By:

/s/ Jay Calhoun

JAY CALHOUN
firm@law4sb.com
**THE CALHOUN LAW FIRM, PLC**
P.O. Box 2995
Tempe, AZ 85280
Tel: 480-967-1800
Fax:480-967-1810

## CERTIFICATE OF SERVICE

I certify that on December 14, 2018, I electronically transmitted the foregoing document to the Clerk's Office using the CM/ECF System for filing.

/s/Jay Calhoun

## VERIFICATION

I, Lewis Ironside, depose and say:

I am a member of Pigeon Cry Production, LLC a Massachusetts limited liability company, the Plaintiff in this action; I am authorized to make this verification; that I have read the foregoing Complaint and know the contents thereof, and that the allegations there

1  contained are true in substance and in fact, except those made on information and belief,

2  which I believe to be true.

3

4                                               Lewis Ironside

5       SUBSCRIBED AND SWORN TO before me this 20th day of December, 2018, by

6  Lewis Ironside.

7

8                                 NOTARY PUBLIC

9

10  MY COMMISSION EXPIRES: 11/29/2024

**RANBIR KAUR**
**Notary Public**
**Commonwealth of Massachusetts**
**My Commission Expires**
**November 29, 2024**

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

# IN THE UNITED STATES DISTRICT COURT

## DISTRICT OF ARIZONA

| | |
|---|---|
| Pigeon Cry Productions, a Massachusetts corporation, | No. _____ |
| Plaintiff, | **AFFIDAVIT OF LEWIS IRONSIDE IN SUPPORT OF VERIFIED COMPLAINT FOR PRELIMINARY INJUNCTION** |
| v. | |
| BLK BOX PHX, an Arizona corporation; Davisson Entertainment, an Arizona limited liability company, | |
| Defendants. | |

STATE OF MASSACHUSETTS

COUNTY OF SUFFOLK

Before me, the undersigned authority, personally appeared Lewis Ironside, who after being duly sworn, deposes and says:

1.      My name is Lewis Ironside and I am a resident of Boston, Massachusetts.

2.      I am a member of Magnificent Bastard Production, Ltd ("Magnificent") organized under the laws of the U.K.

3.      I am also a member of Plaintiff Pigeon Cry Productions, Inc. ("Pigeon") organized under the laws of the state of Massachusetts since December 2, 2016.

Ironside Affidavit
Page 1 of 4

4.     This Affidavit is based upon my personal knowledge, and I am competent to testify as to the facts set forth herein.

6.     Magnificent created the original idea of "Shit-faced Shakespeare" in 2005. In 2012, the first full commercial U.K. based "Shit-faced Shakespeare" production was performed. I was a member of the original cast and have appeared in numerous performances of the show. "Shit-faced Shakespeare" is a comedic theatrical production of Shakespeare's plays featuring an inebriated actor.

7.     In 2014, Magnificent applied for and was awarded a U.K. registration, for "Shit-faced Shakespeare" Reg. No. 3,0037,537.

8.     Since "Shit-faced Shakespeare's 2012 full commercial production, Pigeon and its U.K. affiliate have spent over $250,000.00 dollars on worldwide.

9.     Pigeon's "Shit-faced Shakespeare" performances have been enjoyed by over 350,000. I believe Blk Box Phx and Davisson were aware of Pigeon's success.

10.     Pigeon has received calls from potential customers seeking tickets for defendants' Phoenix production.

11.     Plaintiff's "Shit-faced Shakespeare" has generated a significant amount of attention on social media and the Internet. As a result of Plaintiff's promotion of "Shit-faced Shakespeare" worldwide interest in the term "Shit-faced Shakespeare" has steadily increased. Before Plaintiff's and its U.K. affiliate, Magnificent's promotion of "Shit-faced Shakespeare" interest and searches in the term was non-existent.

12.     Theatre goers post images of themselves at Defendants' production and incorrectly tag (associate) those images with the Plaintiff's production, which suggest,

Ironside Affidavit
Page 2 of 4

consumers believe or may believe Defendants' production is associated with Plaintiffs' production.

13.     On or about September 2018, I discovered that Blk Box Phx and Davisson was scheduled to perform "Shit-faced Shakespeare" spelled "S#!tfaced Shakespeare" in the Phoenix, Arizona area during the month of December 2018.

14.     Blk Box Phx and Davisson were not authorized by Pigeon to perform "Shit-faced Shakespeare" and they did not request or otherwise obtain permission from Pigeon to market their newly formed theatre group's production as "S#!tfaced Shakespeare."

15.     In a letter dated October 16, 2018, Pigeon notified Blk Box Phx, Davisson and its attorney of Blk Box Phx and Davisson's infringement of Pigeon's  intellectual property rights and trademarks, but Blk Box Phx and Davisson, despite notice of Pigeon's demands, ignored such notification and performed its production of "S#!tfaced Shakespeare" beginning on December 1, 2018 as  "S#!tfaced Shakespeare."

16.     Blk Box Phx and Davisson's actions in creating a new production that they are identifying as "S#!tfaced Shakespeare" has damaged the reputation and brand established by years of hard work by Pigeon.

17.     Plaintiff also has a pending U.S. Trademark application for the mark "Sh!t-faced Shakespeare," Serial No. 88/157,104.

18.     Plaintiff is not aware of any other entity besides plaintiff attempting to register any mark similar to "Sh!t-faced Shakespeare" or "Shit-faced Shakespeare" in the entertainment category.

19.     Blk Box Phx and Davisson's actions have created confusion and misinformation in the marketplace amongst our fan base, booking agents and contacts we have in the theatre industry about Blk Box Phx and Davisson's affiliation with Pigeon.

20.     In fact, theatre goers have called our office seeking tickets for Blk Box Phx and Davisson's production and they are confused about Blk Box Phx and Davisson's affiliation or relationship with Pigeon had added a show in Phoenix.

21.     Pigeon has been forced to take immediate action to protect the brand and trademarks.

**FURTHER AFFIANT SAYETH NOT.**

LEWIS IRONSIDE

SWORN TO and subscribed before me on 12/20/18  20th day of December, 2018 by Lewis Ironside who is not personally known to me and who produced identification.

Notary Public

RANBIR KAUR
Notary Public
Commonwealth of Massachusetts
My Commission Expires
November 29, 2024

My commission expires: 11/29/2024

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

## IN THE UNITED STATES DISTRICT COURT

## DISTRICT OF ARIZONA

Pigeon Cry Productions, a Massachusetts
corporation,

                    Plaintiff,

v.

BLK BOX PHX, an Arizona corporation;
Davisson Entertainment, an Arizona limited
liability company,

                    Defendants.

No. _____

**[PROPOSED] ORDER GRANTING
PLAINTIFF'S PRELIMINARY
INJUNCTION**

## TO DEFENDANTS BLK BOX PHX and DAVISSON ENTERTAINMENT

       **IT IS HEREBY ORDERED THAT** pending the hearing and final determination of this action you, your officers, directors, agents, servants, employees, representatives, attorneys, related companies, successors, assigns, and all others in active concert or participation with you from:

       **ARE HEREBY RESTRAINED AND ENJOINED FROM:**

1

1.      Using the "Shit-faced Shakespeare" marks, or confusingly similar derivations thereof, in connection with their theatre productions in Arizona and throughout the United States;

2.      Engaging in any conduct that tends falsely to represent that, or is likely to confuse, mislead, or deceive members of the public to believe that the actions of Defendants or any of its officers, directors, predecessors, successors, agents, employees, representatives and all persons, corporations, or other entities acting in concert or participation with Defendants are sponsored, approved, or licensed by Plaintiff, or are in any way connected or affiliated with Plaintiff;  and

3.      Effecting assignments or transfers, forming new entities or associations, or utilizing any other device for the purpose of circumventing or otherwise avoiding the prohibitions set forth in subparagraphs (1)-(2) above.

**SO ORDERED**

_____        _____
Date                                                    United States District Judge

2